IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHRISTOPHER LEE DUNN                                    PETITIONER

VS.                    CASE NO. 5:12CV00354 SWW/HDY

RAY HOBBS, Director of the
Arkansas Department of Correction                       RESPONDENT

PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**DISPOSITION**

Christopher Lee Dunn seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. Mr. Dunn is currently in the custody of the Arkansas Department of Correction (ADC) as a result of pleading guilty to capital murder and attempted capital murder in 1998. The pleas were entered in the Circuit Court of Grant County. Mr. Dunn was sentenced to an aggregate term of life imprisonment without parole. In 2008 the petitioner sought state habeas corpus relief via a petition filed in Grant County. This petition was denied by the trial court, and this ruling was affirmed on appeal. *Dunn v. State*, 2009 Ark. 98.

Mr. Dunn, in a petition filed on September 11, 2012, advances the following claims for habeas corpus relief:

1. His right to be protected from cruel and unusual punishment and his right to a fair trial and due process were violated when the trial court exercised jurisdiction over him[1] and sentenced him to life imprisonment without parole;

2. He was denied the effective assistance of counsel; and

3. The trial court abused its discretion when it failed to *sua sponte* order a second mental examination following an alleged failed suicide attempt by Dunn.

**Statute of Limitations:** Respondent contends that the statute of limitations bars

---

[1] It appears that he is alleging the juvenile court should have had jurisdiction in the case. Mr. Dunn was, according to his petition, over eighteen at the time, but not yet twenty one.

consideration of these claims. Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends that the limitations period began on August 28, 1998, the date the trial court entered judgment based upon the petitioner's guilty pleas. Thus, the respondent urges the petition is approximately 14 years late. The petitioner has submitted a response to the respondent's argument. Mr. Dunn does not quarrel with the dates recited by the respondent, conceding that the federal petition was filed about 14 years after his conviction. He asserts, however, that the limitation period should not bar this petition because he has been diligent "at all stages pertaining to the issues presented in his petition. . ." Docket entry no. 9, page 3. He allows that if the Court disagrees concerning his diligence, he could establish both cause and prejudice and that dismissal of the petition as time-barred would result in a fundamental miscarriage of justice. Docket entry no. 9, page 3.

It is clear that the federal petition was not timely filed. Despite the petitioner's claim that he was diligent in raising his claims, there is no factual support for such an assertion. It does not appear that petitioner was diligent in pursuing the claims in either state or federal court. In *Calderon*

*v. United States District Court for Central District of California*, 112 F.3d 386 (9th Cir. 1997), the Ninth Circuit Court of Appeals held that the limitation period may be equitably tolled if "extraordinary circumstances" beyond a prisoner's control render it impossible for him to file a timely petition. *Id*. at 391. *See, also, Beery v. Ault*, 312 F.3d 948 (8th Cir. 2002); *Kreutzer v. Bowersox*, 231 F.3d 460 (8th Cir. 2000). In this instance, Mr. Dunn points to no circumstances which rendered it impossible for him to file a timely petition. Liberally construing the petitioner's response, it may be that he is arguing that his youth (18 years old at time he entered guilty pleas) as a reason for not pursuing his claims at an earlier date. His age, however, does not qualify as a circumstance beyond his control which prevented him from complying with the timeliness requirements.

In summary, we recommend dismissal of the petition for failure to file it in a timely manner[2]. The petition should be dismissed, and the relief requested should be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

---

[2]The respondent also urges that the petition should be dismissed due to the petitioner's failure to adequately raise the claims in a properly filed state postconviction petition, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. The petitioner, citing *Martinez v. Ryan*, 132 S.Ct. 1309, ___ U.S. ___ (2012), contends he was entitled to counsel in his postconviction proceedings and this deprivation now entitles him to bring the claims. We find no merit in this claim for two reasons: one, the *Martinez* case does not cure the petitioner's failure to file a timely petition; and two, in *Kemp v. Hobbs*, United States District Judge D. P. Marshall Jr. noted that *Martinez v. Ryan* did not change the law announced in *Coleman v. Thompson,* 501 U.S. 722 (1991) (no constitutional right to an attorney in state postconviction proceedings) but recognized a narrow exception. Judge Marshall further noted that the *Martinez* Court declined to resolve "whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *See Kemp v. Hobbs*, 2012 WL 2505229 at 9. Because *Martinez* is not applicable in this case, the controlling precedent is that announced in *Coleman v. Thompson.*

IT IS SO ORDERED this  30   day of November, 2012.

_____
UNITED STATES MAGISTRATE JUDGE