IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHRISTOPHER LEE DUNN
ADC #113626                                                                          PETITIONER

VS.                          5:12CV00354 SWW/JTR

RAY HOBBS, Director,
Arkansas Department of Correction                                    RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

Mail any objections to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## I. Background

Petitioner, Christopher Lee Dunn ("Dunn"), is serving an aggregate sentence of life imprisonment, without the possibility of parole, based on his 1998 guilty plea to charges of capital murder and attempted capital murder. On September 11, 2012, Dunn initiated this § 2254 habeas action collaterally attacking his convictions. *Doc. 1*.

On November 30, 2012, United States Magistrate Judge H. David Young entered a Recommended Disposition (*doc. 10*) recommending that this case be dismissed, as untimely. On December 18, 2012, United States District Judge Susan Webber Wright adopted Judge Young's Recommended Disposition and declined to issue a certificate of appealability. *Doc. 12*. Dunn did not subsequently request a certificate of appealability from the Eighth Circuit Court of Appeals.

On November 16, 2015, Dunn filed a Motion for Relief from Judgment, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1] *Doc. 14*. For the reasons discussed below, the Court recommends that the Motion be denied.

## II. Discussion

Dunn argues that the merits of the ineffective assistance of counsel claims he asserted in his original habeas Petition should now be considered pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). In *Martinez*, the Court recognized a

---

[1] Dunn has also filed an "Amended Motion" for Rule 60(b) relief. *Doc. 18*. Due to Judge Young's retirement, the undersigned United States Magistrate Judge was randomly assigned this case.

"limited" and "narrow" equitable exception to the procedural default doctrine in jurisdictions where an ineffective assistance of trial counsel claim must be raised for the first time in an "initial-review collateral proceeding": "[A] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320.

*Martinez* has no application in this case, because Dunn's § 2254 habeas petition was dismissed on the ground it was *untimely filed*. The *Martinez* exception is an equitable exception to the *procedural default doctrine*, but does *not* apply to excuse an untimely habeas petition under AEDPA's statute of limitations. *See, e.g. Coleman v. Atty Gen.*, 2015 WL 6749891, at *1 (D. Ariz. Nov. 5, 2015) (*Martinez* is "not applicable when the issue is whether a claim is untimely due to the running of the AEDPA limitations period.") (citing cases); *Toby v. Lamas*, 2015 WL 4878708, *10 (M.D. Pa. Aug. 14, 2015) ("*Martinez* did not deal with the statute of limitations; it addressed procedural default of state claims. And *Martinez* does not provide a basis for equitable tolling of the statute of limitations.") (citing cases); *Britton v. Cain*, 2015 WL 4755102 (E.D. La. Aug.6, 2015) ("the Magistrate Judge properly determined that because *Martinez* concerned the procedural default doctrine, and not the AEDPA's statute of limitations, it is inapplicable here and

does not excuse Petitioner's failure to seek federal relief in a timely manner.") (citing cases).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Petitioner's Motion for Relief From Judgment (*doc. 14*) and Amended Motion for Relief (*doc. 18*) be DENIED. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 7th day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE